AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
## DISTRICT OF KANSAS

UNITED STATES OF AMERICA

v.                                             **ORDER OF DETENTION PENDING TRIAL**

<u>ARACELI LOZANO-MIRANDA</u>              Case Number: 08-M-8130-04-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

    ☐ an offense for which the maximum sentence is life imprisonment or death.

    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

    ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____

_____

_____

_____

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: January 9, 2009                     s/ David J. Waxse
                                           *Signature of Judicial Officer*

                                           DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
                                           *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Araceli Lozano-Miranda
Criminal Action 08-M-8130-04-DJW

## Part II - Written Statement of Reasons for Detention

There are a series of factors that I have to consider in determining whether there are conditions of release that will assure your appearance and the safety of any other person in the community.

The first factor is the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a controlled substance, a firearm, or destructive device. Here we have both a controlled substance and firearm charge, so those are negative factors.

The next factor is the weight of the evidence which is not exceedingly strong, but enough for a probable cause determination at this point in time.

The next factor is the history and characteristics of the person, including the person's physical and mental condition. There is nothing about those that would indicate a problem with release.

The next factor is family ties, which are mixed, because even though you have children here apparently the rest of your family is either incarcerated or in Mexico.

The next factor is employment. There is no indication of actual employment but there is the allegation of self-employment, which would be a mixed factor.

The next factor is financial resources. There is no indication at this point that you have substantial resources that would enable you to flee.

The next factor is length of residence in the community. Although the report indicates you have been here six years, you were apparently gone for a period of time and have only been back two months, so that would be mixed.

The next factor is community ties. Those appear to be nonexistent other than your children being here.

The next factor is your past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. There appear to be no problems of those

types, so that would be positive.

The next factor is whether at the time of the current offense you were on probation, parole, or other release.  There is no indication that you were, so those are positive.

The final factor is the nature and seriousness of the danger to any person in the community that would be posed by your release.  Any time you are alleged to be involved in the distribution of methamphetamine, that is a serious danger to the community.

Taking all these factors into consideration and the statutory presumption that has been argued by the government, it does appear to me that I cannot come up with conditions that would reasonably assure your appearance.  For those reasons you will remain detained.